## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**ELISSHA CASTILLO**

*On behalf of herself and all other*
*Maryland consumers similarly situated*

Plaintiff

Case No.   12-cv-2338-WDQ

*v.*

**NAGLE & ZALLER, P.C.**

Defendant

## FINAL ORDER AND JUDGMENT

On July 25, 2013, after notice to the class members, a hearing was held to determine:

1)   whether for purposes of settlement this action should be finally certified as

a class action pursuant to Rule 23 (a) and (b)(3) on behalf of the

Settlement Class, which consists of a Class, as defined in this Court's

Order Preliminarily Certifying Settlement Class and Granting

Preliminary Approval of Proposed Class Settlement ("Preliminary

Approval Order") dated February 20, 2013 (Paper No. 11);

2)   whether the terms and conditions of the Stipulation of Settlement (the

"Settlement"), are fair, reasonable and adequate for the settlement of the

Released Claims (as defined in the Settlement) asserted by the

Settlement Class against the Defendant in this action and the release of

the Released Persons (as defined in the Settlement) should be approved;

1

3)      whether judgment should be entered dismissing this action with prejudice

in favor of the Defendant and the other Released Persons (as defined in

the Settlement) and against all persons who are members of the Class

certified in the Preliminary Approval Order and who have not requested

exclusion there from; and

4)      the amount to be awarded to the Class Representatives as an incentive

payment and the amount of attorneys' fees and costs to be awarded to

Class Counsel.

The Court having considered all matters submitted to it at the hearing and otherwise;

and it appearing that a notice of the Settlement, relevant deadlines and final fairness hearing

substantially in the form approved by the Court was mailed to all persons reasonably

identifiable who met the definition of the Class, at the respective addresses set forth in

Defendant's records; and the Court having considered and determined the fairness, adequacy

and reasonableness of the relief provided to the Settlement Class under the Settlement and of

the requested award for Class Counsel's legal fees and expenses:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court finds that the Settlement Class, as defined below, is so

numerous that joinder of all members is impracticable; that questions

of law or fact common to the Class predominate over any questions

affecting only individual members of the Class; that the claims of the

Class representatives are typical of the claims of the Class; that the

Class Representatives and Class Counsel fairly and adequately protect

2

the interests of the Class. In appointing Class Counsel, I have considered the work counsel has done in identifying or investigating potential claims in the action, counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsels' knowledge of the applicable law, and the resources counsel committed to representing the class, all of which favor appointment of Scott C. Borison and Phillip R. Robinson of Legg Law Firm, LLC. And Michael G. Morin as Class Counsel.

2.      That the settlement of this action on a class wide basis is an appropriate and superior method for the fair and efficient adjudication of the claims against the Defendant and other Released Persons.

3.      This action may be maintained as a class action pursuant to Rule 23 (a) and (b)(3) for the purpose of this Settlement.

4.      The determinations with respect to class certification are without prejudice to Defendant's right to contest class certification in this action in the event that either the Settlement or this Order and Final Judgment is terminated or invalidated for any reason prior to the Effective Date.

5.      The Settlement Class is defined as:

> The Class is comprised of all persons in the state of Maryland from whom Defendant Nagle & Zaller attempted to collect a debt or from whom it collected a debt from August 7, 2009 through August 7, 2012.

3

6.        The claims resolved by this class settlement are

> Defendant's efforts to collect debts owed by the Plaintiff
> and the Class Members to homeowners' or condominium
> associations, including but not limited to, claims under the
> Fair Debt Collection Practices Act, including those related
> to the licensing of Defendant as a "collection agency" under
> Maryland law and those related to Defendant's alleged
> failure to distinguish between lien filing and lien release
> filing fees.

7.        The terms and conditions of the Settlement constitute a good faith

compromise of disputed claims and defenses and are the product of

arm's length bargaining among the Parties before a Magistrate Judge.

The Settlement is approved as fair, reasonable and adequate, and in

the best interests of the Settlement Class. The Settlement Class and

the Parties are directed to consummate the Settlement in accordance

with its terms and provisions.

8.        The Notice which has been given is the best notice practicable under

the circumstances, consisting of individual mail notice to all members

of the Class who could be identified by Defendant based on its

reasonably available records and sources.  The Court finds that the

Notice fully and accurately informed the Settlement Class of all

relevant and material elements of the Settlement and afforded

members of the Settlement Class adequate time to decide whether to

participate or opt out of the proposed Settlement.  The notice given

satisfies the requirements of due process and Rule 23.

4

9.         All claims in this action are hereby dismissed in entirety on the merits and with prejudice and without costs, except as provided herein, as against the Defendant. Members of the Settlement Class and their heirs, executors, administrators, representatives, agents, successors, predecessors-in-interest, and assigns are hereby bound by this judgment and are permanently and conclusively barred and enjoined from instituting, commencing or prosecuting, either directly, indirectly, representatively, or in any other capacity, any Claims as defined in the Stipulation of Settlement against any Released Party. All of the Released Claims as defined in the Stipulation of Settlement are hereby compromised, settled, released, discharged and dismissed with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.        Any party willfully violating the Court's injunction is hereby ordered to pay the costs and attorneys' fees incurred by any Class Member or the Defendant as a result of a violation of the Court's injunction.

11.        The Court finds that the sum of $3,500.00 to be paid to the Class Representative is a fair and reasonable amount to be paid to her and hereby approves and directs the Defendant to make that payment in accordance with the terms of the Settlement Agreement.

12.        The Court finds the sum of $120,000 to Class Counsel for attorneys' fees and $400 for costs is fair and reasonable amount and

5

hereby approves and directs the Defendant to make that payment in accordance with the terms of the Settlement Agreement.

13.   The Court further approves the appointment of the Maryland Consumer Rights Coalition as the *cy pres* recipient for any residual sum in accordance with the Settlement Agreement.

14.   There have been two objections filed. After consideration of both objections, the Court makes the following findings: (1) The objection by Morifere Toure (Paper No. 12) is overruled primarily for the reason that while he was sent a notice, he does not qualify as a class member since he is not a consumer; and (2) the Limited Objection by Tracey D. Fitzpatrick is also overruled for the reason that it fails to demonstrate that the Settlement is not fair, reasonable and adequate.

The following persons have elected to opt out of the Class:

Brian D. and Stephanie G. Austin

Danielle LeFlore

Ernestine Dowdy

Kirstin Doan

Merry Wiley

Nancy Ford

Ricky Ford

Chauncey and Torrie Singletary

Wanda Eaddy Harton

6

The above person who elected to opt out of the Class are excluded from the Class.

15.     If the Settlement does not become effective or is terminated, then this Final Order and Judgment shall be rendered null and void.

16.     Without affecting the finality of this judgment, this Court retains exclusive jurisdiction over the Parties and the members of the Class for all matters relating to this action, including the administration, interpretation, effectuation or enforcement of the Settlement and this Order and Final Judgment.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18.     Pursuant to 28 U.S.C. § 1715(d), the Effective Date of this Order shall be August 23, 2013.

**IT IS SO ORDERED.**

7/25/13

William D. Quarles
District Judge
United States District Court
for the District of Maryland

cc:     All Counsel of Record via ECF